AO 245I (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT

_____ District of _____Colorado____

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
| --- | --- |
| v. | (For a Petty Offense) |
| | Case No.    12-po-00044-GPG |
| ESTHER R. TOPAI | USM No. |
| | _____Daniel Shaffer_____ |
| | Defendant's Attorney |

**THE DEFENDANT:**

- ■ **THE DEFENDANT** pleaded    ☐ guilty  ☐ nolo contendere to count(s) _Counts II, III and IV_____

- ☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 36,CFR§4.22(b)(1) | Operated motor vehicle without due care | 06/12/2012 | II |
| 36,CFR§4.2 CRS 42-3-121(1)(b) | Displayed fictitious plates | 06/12/2012 | III |
| 36,CFR§4.2 CRS 42-4-1409(1) | Operated motor vehicle without proof of insurance | 06/12/2012 | III |

The defendant is sentenced as provided in pages 2 through _____ of this judgment.

- ☐ **THE DEFENDANT** was found not guilty on count(s) _____

- ■ Count(s) _____I_____ ■ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____

Defendant's Year of Birth: _1979___

City and State of Defendant's Residence:
Grand Junction CO

07/16/2013
Date of Imposition of Judgment

_____
Signature of Judge

Gordon P. Gallagher Magistrate Judge
Name and Title of Judge

07/16/2013
Date

AO 245I (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 2 — Imprisonment

Judgment — Page __2__ of _____

DEFENDANT: ESTHER R. TOPAI
CASE NUMBER: 12-po-00044-gpg

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

NA

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245I (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 3 — Criminal Monetary Penalties

Judgment — Page  3  of  _____

DEFENDANT: ESTHER R. TOPAI
CASE NUMBER: 12-po-00044-gpg

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 30.00 | $ 50.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| NA | | | |

| **TOTALS** | $ 0 | $ 0 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

  ☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 2451   (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
       Sheet 3A — Criminal Monetary Penalties

AO 2451   (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
      Sheet 3A — Criminal Monetary Penalties

Judgment — Page __4__ of _____

**DEFENDANT:**  ESTHER R. TOPAI
**CASE NUMBER:**  12-po-00044-GPG

## ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| NA | | | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I  (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
        Sheet 4 — Schedule of Payments

Judgment — Page  5  of  _____

DEFENDANT: ESTHER R. TOPAI
CASE NUMBER: 12-po-00044-GPG

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ■  Lump sum payment of $ __80.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below); or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 5 — Probation

Judgment—Page 6 of ___

DEFENDANT: ESTHER R. TOPAI
CASE NUMBER: 12-po-00044-GPG

## PROBATION

The defendant is hereby sentenced to probation for a term of:
NA

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes restitution or a fine, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245I    (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 5A — Probation Supervision

Judgment — Page 7 of ____

| DEFENDANT: | ESTHER R. TOPAI |
|---|---|
| CASE NUMBER: | 12-po-00044-GPG |

## SPECIAL CONDITIONS OF SUPERVISION

Defendant is NOT on Probation at this time.

Sentence addendum: As to Count II- Defendant to complete 24 hours of community service within 6 months from this date.
The Defendant must file proof that the community services is complete before the 6 month period is over.
The Defendant is not allowed to drive a motor vehicle without a interlock system. The interlock system is to be in place within 7 days from this date. The defendant shall file a interlock system report to the court every 90 days. If the court finds that there have been any violations, the court will consider placing the defendant on supervised probation.